

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00427-CR

———————————————————

RONALD RAMOSGARCIA, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1642395

_____

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

In its "Second Petition to Proceed to Adjudication" filed in the trial court, the State alleged in three paragraphs that Appellant Ronald Ramosgarcia had violated the conditions of his community supervision. After Ramosgarcia pled true to all three paragraphs, the trial court found the allegations true, adjudicated him guilty of assault of a pregnant person—a third-degree felony—and sentenced him to two years' confinement. *See* Tex. Penal Code §§ 12.34, 22.01(b)(8).[1] Ramosgarcia appealed.

In two issues, Ramosgarcia argues that (1) the trial court lacked jurisdiction because his probationary period had expired by the time the State filed its second petition to adjudicate and (2) insufficient evidence supported the trial court's findings that he intentionally and knowingly violated the conditions of his probation.[2] Because the record shows that the trial court had extended Ramosgarcia's probation and that the State had filed its second petition before the expiration of the extended period, we overrule Ramosgarcia's first issue, and because Ramosgarcia's pleas of true alone are

---

[1]On the date that Ramosgarcia committed the offense, May 3, 2020, the offense was described in Section 22.01(b)(7) of the Texas Penal Code. *See* Act of May 21, 2019, 86th Leg., ch. 751, § 1, 2019 Tex. Gen. Laws 2066, 2066–67 (amended 2021) (current version at Tex. Penal Code § 22.01(b)(8)). The offense currently is described in Section 22.01(b)(8).

[2]The terms "community supervision" and "probation" are interchangeable. *Black v. State*, Nos. 02-25-00221-CR, 02-25-00222-CR, 2026 WL 318434, at *1 n.1 (Tex. App.—Fort Worth Feb. 5, 2026, pet. ref'd) (mem. op., not designated for publication).

sufficient to support the trial court's findings, we overrule his second issue. We affirm the trial court's judgment.

## I. Background

As part of a plea bargain, on August 14, 2020, Ramosgarcia pled guilty to assault of a pregnant person, and the trial court placed him on deferred adjudication community supervision for three years. Ramosgarcia's probation was thus originally set to expire on August 14, 2023.

Thereafter, on February 14, 2023—within the original three-year period—the trial court extended Ramosgarcia's community supervision for six months.[3] The trial court thus extended his probationary period from August 14, 2023, to February 14, 2024.

On November 13, 2023—within the first extended period of probation—the trial court extended Ramosgarcia's community supervision again, but this time it extended the period for one year. Ramosgarcia's community supervision was then set to expire on February 14, 2025.

During this second extended period, on October 30, 2024, the State filed a "Petition to Proceed to Adjudication." On the first page, this petition identified the

---

[3]This extension as well as the next two extensions were in documents entitled, "Supplement/Amendment to Conditions of Community Supervision." The judge, the supervising officer, and Ramosgarcia signed all three supplements extending Ramosgarcia's supervisory period.

original period of probation and the two extensions. The petition thus showed on its face that it was timely.

The State dismissed this petition on December 4, 2024.

A little over a month later, on January 15, 2025—still within the period provided by the second extension—the trial court further extended Ramosgarcia's community supervision for an additional six months. The additional six months extended Ramosgarcia's community-supervision period to August 14, 2025.

Then, on August 6, 2025, the State filed its second petition to adjudicate. Unlike the first petition, this petition identified only the original thirty-six-month period of community supervision that began on August 14, 2020. Consequently, on its face, the second petition incorrectly showed a gap between the expiration of Ramosgarcia's community supervision and its filing.

Ramosgarcia's probation expired on August 14, 2025, while the second petition to adjudicate was pending.

The hearing on the State's second petition to adjudicate occurred on October 30, 2025. At the hearing, Ramosgarcia argued that the trial court lacked jurisdiction because the State had filed its second petition to adjudicate after his probationary period had expired, but the trial court overruled his objection. After finding the State's allegations true based on Ramosgarcia's true pleas, the trial court adjudicated him guilty of assault of a pregnant person and sentenced him to two years in prison.

4

## II. Discussion

### A. First Issue: Trial Court Jurisdiction

In Ramosgarcia's first issue, he relies on Article 42A.751(l) of the Texas Code of Criminal Procedure, which sets out when a trial court has jurisdiction to hear a petition to adjudicate after a defendant's probationary period has expired:

> (l) A court retains jurisdiction to hold a hearing under Subsection (d) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration of the supervision period:
>
> > (1) the attorney representing the state files a motion to revoke, continue, or modify community supervision; and
> >
> > (2) a capias is issued for the arrest of the defendant.

Tex. Code Crim. Proc. art. 42A.751(l)(1), (2).

Specifically, Ramosgarcia argues that the State's second petition to adjudicate shows on its face that the trial court placed him on community supervision for thirty-six months in August 2020, that his community supervision thus expired in August 2023, and that the State filed the second petition in August 2025 after his community supervision had expired, thus depriving the trial court of jurisdiction to hear it. *See id.*;[4] *Ex parte Moss*, 446 S.W.3d 786, 791 (Tex. Crim. App. 2014).

Ramosgarcia argues that because the second petition to adjudicate provided information on its face showing that it did not comply with Article 42A.751(l)(1), the

---

[4]Ramosgarcia does not expressly attack the second element, that is, whether the capias issued before the expiration of the supervisory period.

trial court lacked jurisdiction. We disagree with Ramosgarcia's premise that we should restrict our review to the petition. Ramosgarcia has not cited any authority, nor have we found any, holding that the contents of a petition to adjudicate must contain specific information to invoke the trial court's jurisdiction. Providing jurisdictional information in the petition is not a requirement under Article 42A.751(l). The purpose of a petition to adjudicate is to meet the defendant's due process and due course of law rights. *See Daniels v. State*, 615 S.W.2d 771, 773 (Tex. Crim. App. [Panel Op.] 1981) (Teague, J., dissenting).

A trial court is presumed to know the contents of its file. *See Cobb v. State*, 851 S.W.2d 871, 874–75 (Tex. Crim. App. 1993); *Dancer v. State*, No. 02-24-00435-CR, 2025 WL 2264054, at *2 (Tex. App.—Fort Worth Aug. 7, 2025, no pet.) (mem. op., not designated for publication) (citing *Cobb*, 851 S.W.2d at 874–75). A trial court judicially knows what has occurred previously in the case before it. *Cf. Tex. Sec. Corp. v. Peters*, 463 S.W.2d 263, 265 (Tex. App.—Fort Worth 1971, no writ).

Ramosgarcia presented his jurisdictional argument to the trial court during final arguments. The State responded that the first petition to adjudicate showed extensions through February 13, 2025, and that some of the violations alleged in the second petition to adjudicate had occurred before February 13, 2025.[5] Neither party asked the trial court to review its record.

---

[5]The second and third paragraphs did not allege violations predating February13, 2025. The first paragraph alleged thirteen violations on eight different

6

After arguments, the trial court took the matter under advisement and asked the probation officers to join him in his chambers. Eleven minutes later, the trial court resumed the hearing and overruled Ramosgarcia's jurisdictional objection.

The record does not show whether the trial court reviewed its file during the break. Whether it did or did not, the result is the same. The record supports its ruling.

By adding up the original period of community supervision with the three extensions, we can discern from the record that the trial court had extended Ramosgarcia's community supervision—without any gaps—to August 14, 2025. The State's August 6, 2025 second petition thus complied with Article 42A.751(l)(1). *See* Tex. Code Crim. Proc. art. 42A.751(l)(1).

The record also shows that the State complied with Article 42A.751(l)(2). The second petition asked that the court immediately issue a capias requiring Ramosgarcia's arrest. At the bottom of the petition's second page, the boxes for "Warrant Ordered" and "Bond set at: by Magistrate" were checked, and the judge's signature appeared. The spot for the date was left blank, but the trial court's "Record of Criminal Actions" shows that on August 6, 2025, the trial court issued a warrant. Paperwork for a later bond-violation notification shows that the bond was dated

---

dates (Ramosgarcia tested positive for both methamphetamine and amphetamine on the same date five different times), but only one violation predated February 13, 2025. Regardless, the State failed to make Article 42A.751(l) the basis of its jurisdictional response, so its argument provided the trial court with no guidance.

August 9, 2025. The record thus shows that the capias issued before Ramosgarcia's community supervision expired on August 14, 2025. *See id.* art. 42A.751(l)(2).

Because the record shows that the State's second petition to adjudicate complied with both Subsections (1) and (2) of Article 42A.751(l), we overrule Ramosgarcia's first issue.

## B. Second Issue: Sufficiency of the Evidence

In Ramosgarcia's second issue, he argues that the State failed to prove by a preponderance of the evidence that he intentionally and knowingly violated the conditions of his probation. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). We disagree. The State met its burden when Ramosgarcia entered his pleas of true.

We start with the State's second petition to adjudicate, which had three paragraphs alleging violations:

- The first paragraph alleged that Ramosgarcia had been ordered to avoid injurious or vicious habits and to abstain from the illegal use, possession, or sale of controlled substances, marijuana, or cannabinoids and that he had violated that condition by testing positive for methamphetamine on eight dates and amphetamine on five dates.

- In the second paragraph, the State alleged that Ramosgarcia had been ordered to submit valid, non-diluted, and non-adulterated urine, hair, blood, breath, or saliva samples for testing and that he had violated that condition by submitting a diluted urine sample on one date.

- The third and final paragraph alleged that Ramosgarcia had been ordered to pay a $60 supervision reimbursement fee on the fifteenth of each month and that he had violated this condition by not paying the fee in July 2025.

8

Although Ramosgarcia pled true to the first paragraph, at the hearing, he testified that he was not using methamphetamine or amphetamine and that the positive test results must have been from medications that his doctor had prescribed to him for his ADHD. Ramosgarcia relies on that testimony to support his argument that the State failed to prove that he acted voluntarily or that he knowingly or intentionally violated the probation conditions identified in the first paragraph. *See* Tex. Penal Code §§ 6.01(a), 6.03(a), (b). Thus, despite pleading true, Ramosgarcia argues that based on his testimony, the trial court should have nevertheless found the first paragraph not true.

We disagree. At the hearing, Ramosgarcia never asked to withdraw his pleas of true. Just the opposite: during argument, he acknowledged that he had pled true to the first paragraph. A plea of true, standing alone, is sufficient to support proceeding to an adjudication.[6] *See Marroquin v. State*, No. 04-24-00832-CR, 2026 WL 377895, at *1 (Tex. App.—San Antonio Feb. 11, 2026, pet. ref'd) (mem. op., not designated for publication)[7] (citing *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.]

---

[6]An inability to pay fines and restitution is a potential exception to this rule, but Ramosgarcia does not argue this potential exception. *See Martinez v. State*, No. 04-14-00801-CR, 2015 WL 8986704, at *1 (Tex. App.—San Antonio Dec. 16, 2015, pet. ref'd) (mem. op., not designated for publication).

[7]*Marroquin* involved the revocation of regular probation. *See Marroquin*, 2026 WL 377895, at *1. Revocations of regular probation and determinations to proceed to an adjudication are reviewable in the same manner. Tex. Code Crim. Proc. art. 42A.108(b).

1979)); *Quinonez v. State*, No. 02-24-00225-CR, 2025 WL 647341, at *2 (Tex. App.—Fort Worth Feb. 27, 2025, pet. ref'd) (mem. op., not designated for publication) (citing *Moses*, 590 S.W.2d at 470). Although Ramosgarcia presented a potentially exculpatory explanation for his positive drug results, the trial court had no sua sponte duty to withdraw his plea of true.[8] *Beauchamp v. State*, No. 02-13-00414-CR, 2014 WL 3536961, at *1 (Tex. App.—Fort Worth July 17, 2014, no pet.) (per curiam) (mem. op., not designated for publication). Excuses do not convert a plea of true into a plea of not true. *See Diamond v. State*, No. 06-17-00099-CR, 2017 WL 6062665, at *3 (Tex. App.—Texarkana Dec. 8, 2017, no pet.) (mem. op., not designated for publication). The State thus met its evidentiary burden with Ramosgarcia's plea of true to the first paragraph. *See Marroquin*, 2026 WL 377895, at *1.

Although a single violation of a condition of community supervision is sufficient to support an adjudication, *see Krieg v. State*, No. 02-25-00025-CR,

---

[8]The State maintains that Ramosgarcia entered pleas of "true but." When entering a plea of "true but," the defendant admits that the allegation is true but contends that extenuating or mitigating circumstances justify his failure to comply with the probation condition. *See Garrett v. State*, Nos. 02-19-00127-CR, 02-19-00128-CR, 2020 WL 579105, at *1 n.1 (Tex. App.—Fort Worth Feb. 6, 2020, no pet.) (mem. op., not designated for publication). The State asserted that, here, Ramosgarcia "testified in mitigation of punishment." Because Ramosgarcia never asked to withdraw his plea to the first paragraph and sought to show that the violation was an honest mistake, the record supports the State's assertion that Ramosgarcia entered a plea of "true but." Even if Ramosgarcia had pled "true but" to the first paragraph's allegation, however, such a plea would be sufficient to support the trial court's true finding. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Tasby v. State*, No. 08-10-00100-CR, 2011 WL 2447936, at *1–2 (Tex. App.—El Paso June 15, 2011, pet. ref'd) (not designated for publication).

2025 WL 3119091, at *2 (Tex. App.—Fort Worth Nov. 6, 2025, no pet.) (mem. op., not designated for publication), the same analysis applies to Ramosgarcia's arguments that the State failed to prove that he had violated the second and third paragraphs. His pleas of true made further prove-up unnecessary and sufficed to support the trial court's findings. *See Marroquin*, 2026 WL 377895, at *1; *Baker v. State*, No. 02-18-00364-CR, 2020 WL 1949012, at *6 (Tex. App.—Fort Worth Apr. 23, 2020, pet. ref'd) (mem. op., not designated for publication).

Based on Ramosgarcia's pleas of true, we overrule his second issue.

## III. Conclusion

Having overruled both of Ramosgarcia's issues, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 23, 2026

11